UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JUAN RODRIGUEZ PEREZ,
Petitioner,
v.
JEREMY CASEY, et al.,
Respondents.

Case No.: 26-CV-5986 JLS (GC)

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 1)

Presently before the Court is Juan Rodriguez Perez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court is Respondents' Return to Habeas Petition ("Ret.," ECF No. 4). Petitioner did not file a traverse. *See generally* Docket.

Petitioner has resided in the United States since 1999 and alleges that he has been detained since June 2026. Pet. at 2. The Ninth Circuit held that unadmitted non-citizens present in the interior of the United States are subject to 8 U.S.C. § 1226 and are not subject to 8 U.S.C. § 1225. *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). Respondents acknowledge that Petitioner "is an unadmitted alien present in the interior of the United States" and therefore "is subject to detention under 8 U.S.C. § 1226(a)." Ret.

/ / /

at 2. Respondents do not oppose an order directing a bond hearing to be held pursuant to 8 U.S.C. § 1226(a). *Id.* Therefore, the Petition (ECF No. 9) is **GRANTED IN PART**.

Petitioner seeks immediate release. But he has not alleged any deprivation that entitles him to such a remedy. *Cf., e.g., Diaz Escalante v. LaRose*, No. 26-CV-4259 LEK (AHG), 2026 WL 2364792, at *4 (S.D. Cal. Aug. 14, 2026) (granting release when the petitioner was detained without either a warrant or a finding that he was likely to escape).

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) and **ORDERS** the Government to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within fourteen (14) days, unless Petitioner, the non-citizen, requests a continuance. Bond **SHALL NOT** be denied on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention. The non-citizen bears the burden of demonstrating, by a preponderance of the evidence, that they are not a danger to the community or a flight risk. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). The Court **DENIES IN PART** the Petition to the extent that Petitioner requests to be released from custody.

The Parties **SHALL FILE** a status report informing the Court of the outcome of the hearing or informing the Court of Petitioner's request for a continuance by November 27, 2026. The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: November 6, 2026

Janis L. Sammartino
Hon. Janis L. Sammartino
United States District Judge